**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**TERRE HAUTE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | 2:22-cr-00002-JPH-CMM-1 |
| vs. | ) | |
| | ) | |
| SHANE M. MEEHAN, | ) | |
|     Defendant | ) | |

**COURTROOM MINUTES FOR JANUARY 24, 2022**
**HONORABLE CRAIG M. McKEE, MAGISTRATE JUDGE**

This matter is before the Court on an Indictment filed on January 19, 2022.

Parties appear for an initial hearing. Government is represented by AUSA, Lindsay Karwoski and AUSA William McCoskey. Defendant Meehan appears with FCD counsel, Monica Foster and Joseph Cleary. USPO is represented by Jennifer Considine.

The Indictment waives reading of the Indictment. The Court summarized the nature of the three counts in the indictment, the notice of special findings, and the forfeiture provisions set forth in the indictment. Defendant waives formal arraignment. The defendant was advised of his constitutional rights, including the right against self-incrimination and a right to effective assistance of counsel. The defendant was advised of the maximum possible penalties for each count in the indictment, including the possibility the Government may seek a death sentence.

The parties are ordered to complete a Rule 16.1 discovery planning conference not later than February 7, 2022. The parties anticipate motions pertaining to discovery will be filed for the consideration of the District Judge in the near term.

Pursuant to Rule 5(f) of the Federal Rules of Criminal Procedure, the Court, with both the prosecutor and defense counsel present, confirms the government's obligation to disclose favorable evidence to the accused under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny, and orders the Government to do so. Favorable evidence under *Brady* need only have some weight and includes both exculpatory and impeaching evidence. Failure to produce such evidence in a timely manner may result in sanctions, including, but not limited to, adverse jury instructions, dismissal of charges, and contempt proceedings.

The Government made an oral motion to detain the defendant pending trial. The defendant did not object. The Court made inquiry of the defendant and concluded the defendant made a knowing, intelligent, and voluntary waiver of his right to a detention and that he had an opportunity to consult with attorneys prior to making the waiver. The Court ordered defendant to file a written waiver of detention hearing not later than January 31, 2022. (A written waiver was submitted shortly after the hearing and is incorporated in the record.) the Court GRANTED the Government's motion to detain the defendant.

  With respect to detention, the Court ORDERS that the defendant be delivered to the custody of the U.S. Marshal for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The court further ORDERS that the defendant be afforded a reasonable opportunity for private consultation with legal counsel. Upon an order of a court of the United States or on a request of an attorney for the Government, the person in charge of the corrections facility in which defendant is confined shall deliver the defendant to the U.S. Marshal for the purpose of an appearance in connection with a court proceeding.

  The defendant remanded to the custody of the U.S. Marshal.

Dated:  January 24, 2022

_____
CRAIG M. McKEE, Magistrate Judge
United States District Court
Southern District of Indiana

Distribution to:
Counsel of Record