UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:22-cr-00002-JPH-CMM |
| | ) | |
| SHANE M. MEEHAN, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

The Court has ordered that Defendant, Shane Meehan, be committed to the custody of the Attorney General for competency restoration proceedings. Dkt. 136. The government has filed a motion to amend that order so that an evaluation for insanity at the time of offense will also be completed "if clinical staff deems the competency restoration process successful." Dkt. 140. Mr. Meehan opposes that motion, arguing there must be "a judicial finding of Mr. Meehan's competency prior to a sanity evaluation being conducted." Dkt. 142 at 2.

Nothing in Federal Rule of Criminal Procedure 12.2, however, requires a judicial competency finding before an insanity evaluation. Instead, that rule requires that "the court must, upon the government's motion, order the defendant to be examined" for insanity at the time of the offense. Fed. R. Cr. P. 12.2(c)(1)(B). The statutes governing such an examination similarly do not require a prior judicial competency finding. *See* 18 U.S.C. §§ 4242(a), 4247(b),(c).

1

Mr. Meehan argues that due process requires the Court to find Mr. Meehan competent before an insanity evaluation may be done, but he cites no supporting authority. *See* dkt. 142 at 2. While due process protects Mr. Meehan from being tried while he is incompetent, he does not explain why that right would extend to prohibit an insanity evaluation before it's been determined whether Mr. Meehan has been restored to competence. *See Medina v. California,* 505 U.S. 437, 446–448, 453 (1992) ("[T]raditionally, due process has required that only the most basic procedural safeguards be observed."); *Yang v. United States,* 114 F.4th 899, 909 (7th Cir. 2024) ("Competency pertains to a singular due process right to a fair trial under the Fifth Amendment.").

Finally, Mr. Meehan argues that a "sanity evaluation conducted on a patient who is incompetent would lack even a modicum of reliability." Dkt. 142 at 1. But that could be true only if Mr. Meehan remains incompetent at the time of the insanity evaluation, which can be addressed as necessary at the upcoming competency hearing. *See Yang,* 114 F.4th at 906–07 ("[B]ecause a defendant may flit in-and-out of competency, a trial court must always be alert to circumstances suggesting a change that would render the accused unable to meet the standards of competency to stand trial.").

If an insanity evaluation is going to be done, it makes the most sense to have it conducted within close proximity to completion of the restoration process. *See id.* Conducting an insanity evaluation before a competency hearing will not influence the Court's competency determination—the Court

2

understands that Mr. Meehan's competency to stand trial and his sanity at the time of the offense are separate concepts. *See* 18 U.S.C. §§ 4241(d) (requiring the court to determine competency by a preponderance of the evidence); 4242 (determination of the existence of sanity at the time of the offense); 4247(d) (addressing a defendant's rights at a competency hearing).

The government's motion for an insanity evaluation if clinical staff at FMC—Butner opine that Mr. Meehan is competent is **GRANTED**. Dkt. [140].

**IT IS THEREFORE ORDERED THAT**:

(1) If clinical staff at FMC-Butner opine that Mr. Meehan's competency has been restored, Mr. Meehan shall then be examined by one or more qualified psychiatrists or psychologists to evaluate the existence of insanity at the time of the offense charged in the indictment.

(2) At the conclusion of the examination and evaluation of Mr. Meehan in accordance with this order, clinicians shall make and file with the Court a report of findings with copies provided to defense counsel and to the attorneys for the United States.

(3) Any delay from any examination of the defendant pursuant to this Order shall be excluded from the Speedy Trial Act's time computations. See 18 U.S.C. § 3161(h)(1)(A), (h)(1)(D), (h)(1)(H), (h)(4).

The **government shall provide** a copy of this order to the appropriate staff at FMC Butner.

**SO ORDERED.**

Date: 3/10/2025

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

All electronically registered counsel